# Exhibit A
# Service of Process & Complaint

 **CT** Corporation

**Service of Process Transmittal**
06/22/2017
CT Log Number 531453640

**TO:**  Renee Simonton, President
RELX Inc.
1105 North Market Street, Fifth Floor
Wilmington, DE 19801

**RE:**  **Process Served in Nevada**

**FOR:**  LexisNexis Risk Solutions Inc.  (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ervin Middleton, Pltf. vs. LexisNexis Risk Solutions, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit, Certificate, Attachment(s), Memorandum |
| **COURT/AGENCY:** | Clark County Eighth Judicial District Court, NV<br>Case # A17756499C |
| **NATURE OF ACTION:** | Plaintiff brings this action against defendants according to and to remedy defendants' violations of fair credit reporting act |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/22/2017 at 11:35 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after this summons is served on you (not counting the day of service) |
| **ATTORNEY(S) / SENDER(S):** | Ervin Middleton<br>2375 C. Tropicana Ave., #358<br>Las Vegas, NV 89119 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/23/2017, Expected Purge Date: 06/28/2017<br><br>Image SOP<br><br>Email Notification, Renee Simonton  renee.simonton@relx.com<br><br>Email Notification, Julie Goldweitz  julie@reilaw.com<br><br>Email Notification, Jacqueline Gregorski  jacqueline.gregorski@relx.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | The Corporation Trust Company of Nevada<br>701 S Carson St.<br>Suite 200<br>Carson City, NV 89701-5239<br>314-863-5545 |

Page 1 of  1 / AK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUMM

Ervin Middleton
*(Name)*
2375 c. Tropicana Ave. # 358
*(Mailing Address)*
Las Vegas, Nevada. [89119]
*(City, State, Zip Code)*

*(Telephone Number)*
]
*(Fax Number)*
emiddle25@yahoo.com
*(E-mail Address)*
Plaintiff, In Proper Person

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Plaintiff's Name: Ervin Middleton | Case No.: A-17-756499-C |
| | Dept. No.: XXX |
| Plaintiff, | |
| vs. | |
| Defendant's Name: LEXIS NEXIS RISK SOLUTIONS ✓ | |
| Defendant. | |

### SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU FILE A RESPONSE WITH THE COURT WITHIN 20 DAYS. READ THE INFORMATION BELOW CAREFULLY.**

To the Defendant named above:

A civil complaint has been filed by the Plaintiff against you. Plaintiff is seeking to recover the relief requested in the complaint, which could include a money judgment against you or some other form of relief.

If you intend to defend this lawsuit, within 20 days[1] after this Summons is served on you (not counting the day of service), you must:

1.     File with the Clerk of the Court, whose address is shown below, a formal written

response (typically a legal document called an "answer," but potentially some other

response) to Plaintiff's complaint.

---

[1] The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members, and legislators each have 45 days after service of this Summons within which to file a response to Plaintiff's complaint.

2.  Pay the required filing fee to the court, or file an Application to Proceed *In Forma Pauperis* and request a waiver of the filing fee.

3.  Serve (by mail or hand delivery) a copy of your response upon the Plaintiff whose name and address is shown below.

> **Information and forms to assist you are available, free of charge, at the Civil Law Self-Help Center at the Regional Justice Center, 200 Lewis Avenue, Las Vegas, Nevada, and on the center's website at www.civillawselfhelpcenter.org.**

If you fail to respond, the Plaintiff can request your default. The court can then enter judgment against you for the relief demanded by the Plaintiff in the complaint, which could result in money or property being taken from you or some other relief requested in Plaintiff's complaint.

If you intend to seek an attorney's advice, do it quickly so that your response can be filed on time.

*(This Summons must be signed by the Clerk of the Court.)*
**STEVEN D. GRIERSON, CLERK OF COURT**

By: _____     JUN 1 4 2017     _____ *(Signature)*
Deputy Clerk                                      Date:
                    ARLEENE BELSEY

Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

Issued at the request of:

_____ *(Plaintiff's Signature)*
*(Insert Plaintiff's name, address, phone, and e-mail:)*
Ervin Middleton, 2375 e. Tropicana Ave. # 358  Las Vegas, Nevada [89119] emiddle25@yahoo.com
Plaintiff, In Proper Person

Note:  When service is by publication, add a brief statement of the object of the action. See Nevada Rule of Civil Procedure 4(b).

Ervin Middleton
2375 E. Tropicana Ave. # 358
Las Vegas, Nevada 89119
cmiddle25@yahoo.com

**FILED**

JUN ·· 7 2017

CLERK OF COURT

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| Ervin Middleton; | ) CASE NO: *A-17-756499C* |
| Plaintiff, | ) DEPT NO: *XXIX* |
| vs. | ) |
| NEXIS LEXIS RISK SOLUTIONS; | ) **CAUSE OF ACTION FOR** |
| Defendants. | ) **TRESPASS ON THE CASE** |
| | ) |
| | ) **verified** |
| | ) |
| | ) |
| | ) |

## CAUSE OF ACTION FOR TRESPASS ON THE CASE

COMES NOW the Plaintiff, Ervin Middleton, one of the people of Nevada in this court of record and complains of NEXIS LEXIS RISK SOLUTIONS.

## CAUSE OF ACTION

1. On December 19, 2016, Plaintiff disputed negative items on his credit reports with Defendant through a Notary Presentment in the form of an affidavit.

1

1   2.  Defendant failed to answer the dispute and two Opportunities to Cure and on

2   February 4, 2017, the Notary Presenter issued an "Affidavit of Notice of Default,  Notarial

3   Protest and Certificate of Dishonor(Exhibit 1)."

4   3. The document shown in Exhibit 1 was recorded in a county recorder's office, which,

5   along with the fact that it was in the normal business records kept by an officer of the state,

6   whose good standing was certified by the Nevada Secretary of State, makes it a self

7   authenticating document.

8   4. The Plaintiff's claim is allowed by the Administrative Procedures Act of 1946, Section 5,

9   which allows private administrative remedies between government and private agencies. A

10  party who has not received a reply in 30 days is deemed to have exhausted his administrative

11  remedies.

12

13  5. IN ACCORDANCE WITH THE UNITED STATES CONSTITUTION, ARTICLE FOUR

14  SECTION 1, THIS COURT MUST ADHERE TO THE DECISION IN THE
    WASHINGTON COURTS BARRING RE; NOTARY PRESENTMENTS.

15  "Full Faith and Credit shall be given in each State to the public Acts, Records, and

16  judicial Proceedings of every other State.  And the Congress may by general Laws

17  prescribe the Manner in which such Acts, Records and Proceedings shall be proved,

18  and the Effect thereof."

19          Full Faith and Credit Clause, the familiar name used to refer to Article IV,

20  Section 1 of the United States Constitution, addresses the duties that states, within the United

21  States have to respect the "public acts, records, and judicial proceedings" of other states.
    According to the Supreme Court, there is a difference between the credit owed to laws (i.e.

22  legislative measures and common law) as compared to the credit owed to judgments.
    Judgments are generally entitled to greater respect than laws, in other states. 28 U.S.C. §

23  1738: Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall

24  have the same full faith and credit in every court within the US and its Territories and

25  Possessions as they have by law or usage in the courts of such State, Territory or Possession
    from which they are taken.

26  IN ACCORDANCE WITH THE UNITED STATES CONSTITUTION, ARTICLE FOUR

27  SECTION 1, THIS COURT MUST ADHERE TO THE DECISION IN THE WASHINGTON
    COURTS REGARDING NOTARIAL PRESENTMENTS(Exhibit 2)

28

2

## COUNT 1 OF CAUSE OF ACTION, TRESPASS ON THE CASE

6. Paragraphs 1 through 5 of CAUSE OF ACTION are included by reference as though fully

stated herein.

7. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

8. Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

9. willfully violated the FCRA. Defendant's violations include, but are not limited to, the

following:

10. Defendant violated the Fair Credit Reporting Act("FCRA") 15 U.S. Code § 1681s-2ii:

(B) Reporting information after notice and confirmation of errors
A person shall not furnish information relating to a consumer to any consumer reporting agency
if—
(i) the person has been notified by the consumer, at the address specified by the person for such
notices, that specific information is inaccurate; and
(ii) the information is, in fact, inaccurate.

11. Defendant posted inaccurate information on both Experian and Equifax once a month, for at
least 48 months each, a total of 96 violations.


WHEREFORE, Plaintiff demands judgment for damages in the amount of $1,000 per violation

against Defendant for actual or statutory damages, and punitive damages, fees and costs, pursuant

to 15 U.S. Code § 1681s-2ii.


## VERIFICATION OF Ervin Middleton


I, Ervin Middleton declare as follows:

1) I am named as the Plaintiff in the above-entitled matter. I have read the foregoing

   VERIFIED Cause Of Action For Trespass On The Case and know

   the facts therein stated to be true and correct.

1     2) I declare, under penalty of perjury pursuant to the laws of the United States

2 of America, that the foregoing is true and correct to the best of my knowledge and

3 belief.

4

5     Executed on May 29 2017 at Las Vegas, Nevada.

6

7

8 Ervin Middleton

9 2375 E. Tropicana Ave. # 358
Las Vegas, Nevada 89119

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Certified Mail # 7016-1970-0000-6623-2480                    Date: February 1, 2017

## AFFIDAVIT OF NOTICE OF DEFAULT
## NOTARIAL PROTEST and CERTIFICATE OF DISHONOR

From Libellant:        Ervin Middleton, Creditor Secured Party,

                        c/o Alpesh Patel, Notary Witness
                        7435 S. Eastern Ave. # 105
                        Las Vegas [89123] Nevada

TO: LEXIS NEXIS RISK SOLUTIONS
1000 Alderman Drive # 21-N57
Alpharetta, GA 30005
ATT: Rebecca Schmitt

RE: NOTICE AND DEMAND

YOU ARE HEREBY NOTICED that you are in default of an opportunity to respond to the
NOTICE AND DEMAND sent to you on December 19, 2016 by certified mail. You were given
the opportunity to rebut the claims made against you by your failure to answer said AFFIDAVIT.

A DEFAULT JUDGEMENT is being sought against you having accepted and given your, or a
representative's, signature for United.States Postal Service Certified Mail (Identification number
7016 1970 0000 6623 2213,) having waived the right to answer by acquiesence, tacit admission,,
and failure to contest, rejecting your due process opportunity. (See Randone v. Appellate Court,
5 C3d 536; Mullane v Central Hanover Trust Co., 339 U.S. 306, 314; Sniadach v. Family
Finance Corp., 395 U.S. 337, 339; Melorich Builders v. Superior Court, 160 Cal App 3d 931, as
in line with California Code of Civil Procedure §§ 437(c), defaults.)

IN THE ABSENCE of such response, Affiant, Ervin Middleton,, hereby inserts and records this
NOTICE OF DEFAULT upon and against above named Respondent(s) pursuant to the Nevada
Constitution Article I Sections 1, 8; Nevada Civil Code Section XI. GENERAL PROVISIONS
Rule 81; Nevada Civil Procedure Rule 56; NRS 205 .

WHEREAS such actions now shall be taken in accordance to the procedures set forth in the
COMMERCIAL AFFIDAVIT defaulted.

Doc# 2017018620
02/20/2017 04:09 PM  Page: 1 of 4
RPID R:928.50 Linda Stover, Bernalillo County

1

I, Ervin Middleton, have personal knowledge of the above facts, am competent to testify to the above facts, and declare that the foregoing is true, correct and complete under the penalty of perjury.

DATED: 2-4-17

Ervin Middleton, *Sui juris*

## Acknowledgement

State of Nevada )
                ) ss.
County Clark    )

On this 4th day of February 2017 AD, Signor, Ervin Middleton,, did personally appear before me, who is known to be the person operating in the requisite capacity for signature described herein, who executed the foregoing, acknowledged the contents thereof; and executed the same as his free act and deed. Subscribed and agreed to before the undersigned.

Notary Signature

Seal/Stamp

NICK KOZIAK
Notary Public, State of Nevada
Appointment No. 06-109478-1
My Appt. Expires Oct 26, 2018

2

## Verified Notarial Certificate of
## Non-Response, Dishonor and Estoppel

Libellee's failure to respond to the NOTICE AND DEMAND and subsequent documents of
Ervin Middleton, CREDITOR, SECURED PARTY, has put Libellee(s) in default as witnessed
by the Notary Acceptor in the sequence of the following events:

1. The Libellant served a COMMERCIAL AFFIDAVIT of Ervin Middleton, CREDITOR,
   SECURED PARTY, upon the Libellees on December 19th , 2016 allowing Thirty (30)
   days to respond. Notary Acceptor, Alpesh Patel certifies no timely response is made by
   Libellees.
2. The Libellees have Dishonored the NOTICE AND DEMAND, Administrative Remedy
   of Ervin Middleton. This NOTARIAL PROTEST is NON-NEGOTIABLE and NOTICE
   OF ADMINISTRATIVE JUDGMENT and CERTIFICATE OF DISHONOR to which
   you have admitted the statement, claims, and answers to the inquiries by *tacit agreement*.
   This ADMINISTRATIVE JUDGMENT is *stare decisis, res judicata* and *collateral
   estoppel*.
3. The Libellant has sworn that he has not received a timely response and answer, by legal
   definition or settlement from the Libellees.
4. Ervin Middleton is HOLDER IN DUE COURSE of this account and the Commercial
   Matter contained therein by operation of law and the debt will be recorded on a UCC 1
   Financing Statement with the Secretary of State of Nevada and/or Georgia.


## AFFIDAVIT OF NEGATIVE AVERMENT

As of this date February 1 , 2017 the undersigned Notary Acceptor has not received a timely
response to the Libellant's documents from the Libellees or any other agents.

## NOTARIAL PROTEST CERTIFICATE

1. The HOLDER IN DUE COURSE has recruited the Notary Public, authorized to
   certify dishonor of the Notice of International Commercial Claim within the Admiralty
   Administrative Remedy Agreement/Contract, and to present this
   **ADMINISTRATIVE JUDGMENT BY ESTOPPEL** in accordance with UCC 3-
   509.

2. This Notarized Document is served to the Libellees for demand for payment on
   December 19, 2016.

3. This Notarized Document is the official **CERTIFICATE OF DISHONOR** of the
   Notice and Demand, Administrative Remedy Contract, Certified Mail # 7016 1970
   0000 6623 2213.

3

The above Affidavit is certified true, correct, complete, and certain, under the penalty of Perjury.

By: _Alpeshkumar Patel_ Notary Public under court seal in his capacity as

a Notary in good standing with the State of Nevada.


## Acknowledgement

State of  NV        )
                    ) ss.
County  Clark       )

On this _04_ day of _Feb_____ 2017 AD, Signor, Ervin Middleton , did personally appear before me, who is known to be the person operating in the requisite capacity for signature described herein, who executed the foregoing, acknowledged the contents thereof; and executed the same as his free act and deed. Subscribed and agreed to before the undersigned.

_____
Notary Signature

Seal/Stamp

4

Phone: 702-349-3562
Fax:



| To: Carson City Sheriff | From: Ervin Middleton |
| --- | --- |
| Fax: 775-887-2026 | Pages: 9 |
| Re: 4th of 4 faxes | Date: June 15, 2017 |

Exhibit 2 for lawsuit vs Nexis Lexis, 8 pages



2375 e. tropicana ave # 358, Las Vegas, NV 89119

This fax was sent using the Fax.com™ internet fax service. Fax online without a fax machine. Try it now for free at Fax.com/free.

# Memorandum of Law
## for
## Washington State Notary Publics and Foreign Judgments
## Based on the Constitution of the United States Based on Full Faith and Credit
## And the Oath of Office 1.6 Update 1-10-2007

There are nineteen points to consider in determining the validity of a Foreign (Notary) Judgment. 1) The Constitution of the United States is the supreme law of the land, and 2) The Constitution is interpreted according to Common Law Rules. 3) However, Common law courts have been extinct since 1795, and since then have been considered in the light of a foreign court and the decrees of foreign courts are regarded on a footing of reciprocity. In summary, notice, and opportunity to respond, solid evidence to which a Notary Public witnesses resulting in the signature and seal of the Notary that, in turn possesses a certificate that must, itself, be properly authenticated shall not be questioned collaterally.

4) The thirty-first United States Congress authorized the Notary Act of 1850 that has been in continual use since 1850. Pursuant to the Notary Act, A notary public duly appointed in any State or Territory, and, when certified under the hand and official seal of such notary, shall have the same force and effect as if taken or made by or before such justice or justices of the peace.

5)The Constitution of the State of Washington acknowledges and accepts the Constitution of the United States as the supreme law of the land, and no person shall be deprived of life, liberty or property, without due process of law. 6)Washington State is a common law state, and declares that to the extent that it is not inconsistent with the Constitution of the United States, or of the State of Washington, the common law prevails. 7) The State of Washington acknowledges the Notary Act under Chapter 42.44 RCW and 8) pursuant RCW 42.44.080 it lists the acts the Notary Public shall perform, and a notary's authority may not be questioned collaterally." *Bullene v. Garrison* 1 Wash Terr. 587 (1879).

9) The signature and seal properly authenticated by law require full faith and credit. 10) Pursuant to RCW 6.36.010 (1) "Foreign judgment" means any judgment, decree or order of a court of the United States or of any state or territory which is entitled to full faith and credit in this state. By the certificate of an officer authorized by law, which certificate must, itself, be properly authenticated. 11) Pursuant to RCW 6.36.025 A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court of this state. It has the same effect and is subject to the same procedures, defenses, set-offs, counter-claims, cross complaints, and proceedings for reopening, vacating, staying, or extending as a judgment of a superior court of this state and may be enforced, extended, or satisfied in like manner.12) Pursuant to RCW 6.36.035(3)(a) No execution or other process for enforcement of a foreign judgment filed in the office of the clerk of a superior court shall be allowed until ten days after the proof of mailing has been filed with the clerk by the judgment creditor and fourteen days applies to District Court.
13) Pursuant to RCW 6.40.050 (1) The foreign judgment shall not be refused recognition for lack of personal jurisdiction if the defendant was (a) served personally in the foreign state; (b) the defendant voluntarily appeared in the proceedings, other than for the purpose of protecting property seized or threatened with seizure in the proceedings, or of contesting the jurisdiction of the court over him; (c) the defendant prior the commencement of the proceedings had agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved; (d) the defendant was domiciled in the foreign state and proceedings were instated 14) Black's Law Dictionary Defines "Protest" as kinds of protests that can result in dishonor. 15) Pursuant to RCW 62A.1-103 Supplementary general principles of law applicable and Pursuant to RCW 62A.9A-620 (a)(1)(c)(2)(C)(d)(1) A secured party may accept collateral within twenty days after notification was sent. If each of the above steps were taken in good faith to resolve a controversy, one can prove there is a final judgment, conclusive and enforceable where rendered. 16) Pursuant RCW 4.52.010 Parties to a question in difference which might be the subject of a civil action may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought. But it must appear by affidavit that the controversy is real, and the proceedings in good faith to determine the rights of the parties. The

court shall thereupon hear and determine the case and render judgment thereon as if an action were pending. 17] Pursuant to **Article VI of The Constitution of the United States**: "The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution..." 18] Pursuant to RCW 3.30.015 All references to justices of the peace in other titles of the Revised Code of Washington shall be construed as meaning district judges. All references to justice courts or justice of the peace courts in other titles of the Revised Code of Washington shall be construed as meaning district courts. 19] A legislative Act tops an administrative act. "[a]ll political power is inherent in the people, and governments derive their just powers from the consent of the governed, and are established to protect and maintain individual rights." Const. art. I, § 1; see also Const. art. II, § 1 In summary, all public officers and judicial officers in particular are bound by their Oath and the acceptance thereof to support the Constitution including due process of law.

### 1] The supreme law of the land:
Pursuant to Article VI: Clause 2 of The Constitution of the United States: "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of United States shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.

### 2] Common Law Aspect
**The Courts of the United States consistently acknowledge that the Constitution is to be interpreted according to Common Law Rules.** "The Constitution is to be interpreted according to Common Law Rules." -- Schick vs. U.S., 195 US 65, 24 Sup. Ct. 826 (1905) "...a Statute will not be construed so as to overrule a principle of established Common Law, unless it is made plain by the act that such a change in the established law is intended." -- Starkey Construction Inc. vs. Elcon, Inc., 248 Ark 958, 978A, 457 SW 2nd 509, 7 U.C.C.RS 923 "A statute should be construed in harmony with the Common Law unless there is a clear legislative intent to abrogate the Common Law." --United Bank vs. Mesa Nelson Co., 121 Ariz 438, 590 P2d 1384, 25 U.C.C.RS 1113 "It [U.S. Constitution] must be interpreted in the light of Common Law, the principles and history of which were familiarly known to the framers of the Constitution. The language of the Constitution could not be understood without reference to the Common Law." -- U.S. vs. Wong Kim, Ark. 169 US 649, 18 S. Ct. 456 The imaginary, having neither actuality nor substance, is foreclosed from creating and attaining parity with the tangible. To mankind in their natural state. There, every man is independent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellowmen without his consent." CRUDEN v. NEALE, 2 N.C. 338 (1796) 2 S.E. 70.

The common law constitutes the basis of the legal systems of: England and Wales, the Republic of Ireland, the states of the United States (except Louisiana), Canada (except Quebec civil law), Australia, New Zealand, South Africa, India, Sri Lanka, Malaysia, Brunei, Pakistan, Singapore, Hong Kong, and many other generally English-speaking countries or Commonwealth countries. Essentially, every country which has been colonized at some time by Britain uses common law.

### 3] Foreign Judgments
The Congressional Court of Appeals is extinct (common law court); and may now be considered in the light of a **foreign court**; and the **decrees of foreign courts** are regarded on a footing of reciprocity. See Penhallow, et al v. Doane's Administrators 3 U.S. 54 (1795) "The United States government is a foreign corporation with respect to a state." 153/n re Merriam, 36 N.E. 505, 141N.Y. 479, affirmed 16 S. Ct. 1073, 163 U.S. 625, 1785. "No agreement with a foreign nation can confer power on the Congress, or on any other branch of government, which is free from the restraints of the Constitution." *Supreme Court in Reid v. Covert*, 354 U.S. 1 (1957 It has long been the law of the United States that a *foreign judgment* cannot be enforced if it was obtained in a manner that did not accord with the basics of due process. See Hilton, 159 U.S. at 205-6. As the Restatement of the Foreign Relations Law of the United States succinctly puts it: 'A court in the United States may not recognize a judgment of a court of a foreign state if: (a) the judgment was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with due process of law ....' S 482(1)(a)(1987).

### 4] THIRTY-FIRST CONGRESS Sess. I. CH. 52. 53. 1850
Sept 16, 1850 Chap. LII An Act to authorize Notaries Public to take and certify Oaths, Affirmations, and Acknowledgments in certain Cases.

**LINDA LOUISE FOGH** Memorandum of Law Notary Public State of Washington. Page 1

*"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That in all cases in which, under the laws of the United States, oaths, or affirmations, or acknowledgements may now be taken or made before any justice or justices of the peace of any State or Territory, such oaths, affirmations, or acknowledgments may be hereafter also taken or made by or before any notary public duly appointed in any State or Territory, such oaths, affirmations, or acknowledgements may be hereafter also taken or made by or before <u>any notary public duly appointed in any State or Territory, and, when certified under the hand and official seal of such notary, shall have the same force and effect as if taken or made by or before such justice or justices of the peace.</u> And all laws and parts of laws for punishing perjury, or subordination of perjury, committed in any such oaths or affirmation, when taken or made before any such justice of the peace, shall apply to any such offence committer in any oaths or affirmations which may be taken under this act before a notary public, or commissioner, as hereinafter named: *Provided always* That on any trial for either of these offences, the seal and signature of the notary shall not be deemed sufficient in themselves to establish the official character of such notary, but the same shall be shown <u>by other and proper evidence.</u>

*And be it further enacted,* That all the powers and authority conferred in and by the preceding section of this act upon notaries public be, and the same are hereby, vested in, and may be exercised by, any commissioner appointed, or hereafter to be appointed, by any Circuit Court of the United States, under any act of Congress authorizing the appointment of commissioners to take bail, affidavits, or depositions, in causes pending in the courts of the United States."

Approved, September 16, 1850. (Section underlined by Plaintiff, Statutes at large are available at any regional public library in the United States.)

## 5. Constitution of Washington

In its Preamble, The Constitution of the State of Washington of 1889 solemnly acknowledges the Supreme Ruler of the Universe for our liberties. Pursuant to Article I Section 1, "All political powers are inherent in the people and governments derive their just powers from the consent of the governed, and are established to protect and maintain individual rights. Pursuant to Article I, Section 2, The constitution of the United States is the Supreme law of the land. Pursuant to Article I, Section 3, No person shall be deprived of life, liberty or property, without due process of law. Under Article IV Section 28, Every judge of supreme court, and every judge of a superior court shall, before entering upon the duties of his office, take and subscribe an oath that he will support the constitution of the United States and the constitution of the State of Washington, and will faithfully and impartially discharge the duties of judge to the best of his ability, which oath shall be filed in the office of the Secretary of State.

## 6. Washington State Recognition of the common law.
Pursuant to RCW 4.04.010 Extent to which common law prevails. The common law, so far as it is not inconsistent with the Constitution and laws of the United States, or of the state of Washington, nor incompatible with the institutions and condition of society in this state, shall be the rule of decision in all the courts of this state.

## 7. Notarial Acts of Washington
United States Congress enacted The Notary Act of 1850 as set forth below. It has been in continual existence since 1850, Washington State is a common law state. It accepted and acknowledged the constitution of the United States as the Supreme law of the land, thus it accepts and acknowledges any notary public duly appointed in any State or Territory, and, when <u>certified under the hand and official seal of such notary, shall have the same force and effect as if taken or made by or before such justice or justices of the peace; and a notary's authority may not be questioned collaterally."</u> Bullene v. Garrison 1 Wash Terr. 587 (1879). The standards for notarial acts are found in RCW 42.44.080 also set forth below.

## 8. Washington State has incorporated the Notary Act in Chapter 42.44
Notaries Public and the standard for notarial acts are found in RCW 42.44.080
Notarial acts shall be performed in accordance with the following, as applicable: (1) In taking an acknowledgment, a notary public must determine and certify, either from personal knowledge or from satisfactory evidence, that the person appearing before the notary public and making the acknowledgement is the person whose true signature is on the document. (2) In taking an acknowledgment authorized by RCW 64.08.100 from a person physically unable to sign his or her name or make a mark, a notary public shall, in addition to other requirements for taking an acknowledgment, determine and certify from personal knowledge or satisfactory evidence that the person appearing before the notary public is physically unable to sign his or her name or make a mark and is otherwise competent. The notary public shall include in the acknowledgment a statement that the signature in the acknowledgment was

obtained under the authority of RCW 64.08.100.(3) In taking a verification upon oath or affirmation, a notary public must determine, either from personal knowledge or from satisfactory evidence, that the person appearing before the notary public and making the verification is the person whose true signature is on the statement verified.

(4) In witnessing or attesting a signature, a notary public must determine, either from personal knowledge or from satisfactory evidence, that the signature is that of the person appearing before the notary public and named in the document.(5) In certifying or attesting a copy of a document or other item, a notary public must determine that the proffered copy is a full, true, and accurate transcription or reproduction of that which was copied.

(6) In making or noting a protest of a negotiable instrument, a notary public must determine the matters set forth in *RCW 62A.3-505.(7) In certifying that an event has occurred or an act has been performed, a notary public must determine the occurrence or performance either from personal knowledge or from satisfactory evidence based upon the oath or affirmation of a credible witness personally known to the notary public. (8) A notary public has satisfactory evidence that a person is the person described in a document if that person: (a) Is personally known to the notary public; (b) is identified upon the oath or affirmation of a credible witness personally known to the notary public; or (c) is identified on the basis of identification documents. (9) The signature and seal or stamp of a notary public are prima facie evidence that the signature of the notary is genuine and that the person is a notary public.

(10) A notary public is disqualified from performing a notarial act when the notary is a signer of the document which is to be notarized.

We have established that by the Constitution of the United States, the Constitution of the State of Washington, and the common law rules, the Notary Public Act of 1850, the Uniform Foreign Judgment Act, are all recognized in the State of Washington. A notary's authority may not be questioned collaterally. Bullene v. Garrison 1 Wash Terr. 587 (1879). . . Courts applying the 1962 Act generally have held that the burden of proof is on the person seeking recognition to establish that the judgment is final, conclusive and enforceable where rendered. E.g., Mayekawa Mfg. Co. Ltd. v. Sasaki, 888 P.2d 183, 189 (Wash. App. 1995)

9. Authentication of a foreign judgment. Foreign judgments are authenticated in various ways; 1. By an exemplification, certified under the great seal of the state or country where it was rendered. 2. By a copy proved to be a true copy. 3. By the certificate of an officer authorized by law, which certificate must, itself, be properly authenticated. There is a difference between the judgments of courts of common law jurisdiction and courts of admiralty, as to the mode of proof of judgments rendered by them. Courts of admiralty are under the law of nations; certificates of such judgments with their seals affixed, will therefore be admitted in evidence without further proof.

A judgment rendered in a foreign country by a court de jure or even a court de facto in a matter within its jurisdiction, when the parties litigant had been notified and have had an opportunity of being heard, either establishing a demand against the defendant or discharging him from it, is of binding force.

In *Hilton v. Guyot*, 159 U.S. 113, 205-6 (1895), the leading common law foreign money judgment case, the Supreme Court indicated that: When an action is brought in a court of this country, by a citizen of a foreign country against one of our own citizens, to recover a sum of money adjudged by a court of that country to be due from the defendant to the plaintiff, and the foreign judgment appears to have been rendered by a competent court, having jurisdiction of the cause and of the parties, and upon due allegations and proofs, and opportunity to defend against them, and its proceedings are according to the course of a civilized jurisprudence, and are stated in a clear and formal record, the judgment is prima facie evidence, at least, of the truth of the matter adjudged . . . . *Fiske, Emery & Assocs. v. Aiello*, 577 A.2d 1139, 1141-43 (Conn. Super. Ct. 1989) (the court noted that under the Foreign Money-Judgments Act, a foreign judgment will be recognized unless 'one of the grounds for non recognition of the foreign judgment' is made out; the non recognition conditions were characterized as 'defense[s]'). Contra, *Ackermann v. Levine*, 788 F.2d 830, 842 n.12 (2d Cir.'86) (plaintiff sought enforcement of a foreign judgment under the Act and had to show prima facie that there was subject matter jurisdiction, personal jurisdiction, and that there were regular proceedings conducted by tribunals with procedures that are compatible with due process).

10. Pursuant to RCW 6.36.010 (1) "Foreign judgment" means any judgment, decree or order of a court of the United States or of any state or territory which is entitled to full faith and credit in this state. By the certificate of an officer authorized by law, which certificate must, itself, be properly authenticated. There is a difference between the judgments of courts of common law jurisdiction and courts of admiralty, as to the mode of proof of judgments rendered by them. Courts of admiralty are under the law of nations; certificates of such judgments with their seals affixed, will therefore be admitted in evidence without further proof. Appellants In the Rogers case, supra, the court

quoted with approval from Munch v. McLaren, 9 Wash. 676, 38 Pac. 205, as follows: "'Every fact not negatived by the record will be presumed in aid of the judgment, and it will only be held void when it affirmatively appears from the record that the court had no jurisdiction to render it." 6 Wn.2d 71 (1940) *ALBERTA LOW THOMPSON et al, Respondents, v. MARTHA SHORT et al,*

11.  Pursuant to RCW 6.36.025 (1) A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court of this state. It has the same effect and is subject to the same procedures, defenses, set-offs, counter-claims, cross complaints, and proceedings for reopening, vacating, staying, or extending as a judgment of a superior court of this state and may be enforced, extended, or satisfied in like manner.

12.  Pursuant to RCW 6.36.035(3)(a) No execution or other process for enforcement of a foreign judgment filed in the office of the clerk of a superior court shall be allowed until ten days after the proof of mailing has been filed with the clerk by the judgment creditor. (b) No execution or other process for enforcement of a foreign judgment filed in the office of the clerk of a district court shall be allowed until fourteen days after the proof of mailing has been filed with the clerk by the judgment creditor.(c) Nothing in this section may be interpreted to extend the expiration date of a foreign judgment beyond the expiration date under the laws of the jurisdiction where the judgment originated.

13.  Pursuant to RCW 6.40.050(1) Personal Jurisdiction. The foreign judgment shall not be refused recognition for lack of personal jurisdiction if (a) the defendant was served personally in the foreign state; (b) the defendant voluntarily appeared in the proceedings, other than for the purpose of protecting property seized or threatened with seizure in the proceedings, or of contesting the jurisdiction of the court over him; (c) the defendant prior the commencement of the proceedings had agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved; (d) the defendant was domiciled in the foreign state and proceedings were instated.

14.  Black's Law Dictionary Defines "Protest" in for the kinds of protests that can result in dishonor. In the absence of a statutory definition, courts give terms their ordinary meaning. *Bass, Terri L. v. Stolper, Koritinsky* 111 F3d 1325 7ᵗʰ Cir. (1996) See also *United States v. Ron Pair Enterprises, Inc.* 489 U.S. 235, 241-242 (1980)

15.  Pursuant to RCW 62A.1-103 Supplementary general principles of law applicable. Unless displaced by the particular provisions of this Title, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.

16. RCW 4.52.010 Controversy may be submitted without action. Parties to a question in difference which might be the subject of a civil action may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought. But it must appear by affidavit that the controversy is real, and the proceedings in good faith to determine the rights of the parties. The court shall thereupon hear and determine the case and render judgment thereon as if an action were pending. "Indeed, nor more than affidavits is necessary to make a prima facie case, *U.S. v. Kis,* 658 F. 2d 536 (CA7, 1981)cert. den., 50 U.S.L.W. 2169 (1982): however, 'a declaration may be used instead of an affidavit, *Summers v. U.S. Dept. of Justice,* 776 F. Supp. 575, 577 (D.C.D.C., 1991). Evidence is clear uncontradicted unimpeached and can not be met by any evidence by Defendants. *Bradley v. S.L. Savidge, Inc.,* 13 Wn. (2d) 28, 63, 123 P. (2d) 780 (1942); *McGinn v. Kimmel,* 36 Wn.(2d) 786, 789 et seq., 221 P. (2d) 467 (1950), and cases cited." *NAWROCKI v. COLE,* 41 Wn.(2d) 474, 477, 478 (November 13, 1952).

    Courts applying the 1962 Act generally have held that the burden of proof is on the person seeking recognition to establish that the judgment is final, conclusive and enforceable where rendered. E.g., Mayekawa Mfg. Co. Ltd. v. Sasaki, 888 P.2d 183, 189 (Wash. App. 1995) (burden of proof on creditor to establish judgment is final, conclusive, and enforceable where rendered); *Bridgeway Corp. v. Citibank,* 45 F.Supp.2d 276, 285 (S.D.N.Y. 1999) (party seeking recognition must establish that there is a final judgment, conclusive and enforceable where rendered); *S.C.Chimexim S.A. v. Velco Enterprises,* Ltd., 36 F. Supp.2d 206, 212 (S.D.N.Y. 1999) (Plaintiff has the burden of establishing conclusive effect).

**LINDA LOUISE FOGH** Memorandum of Law Notary Public State of Washington. Page 1

**17** **Constitutional Oath of Office** Written into our Constitution is the following provision of Article VI: "The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." "A mind intent upon willful evasion is inconsistent with surprised innocence." *Cf. Omaechevarria v. Idaho,* 246 U.S. 343 (1918); *Hygrade Provision Co. v. Sherman,* 266 U.S. 497 (1925); The Fourteenth Amendment prohibits state action that denies persons "the equal protection of the laws" or deprives persons of "life liberty or property, without due process of law. Under color of state law requirement that the officers of the State were performing official duties whether or not the power they were authorized to exercise was misused." *Screws v. United States,* 325 U S. 91 (1945)

**18** (added to Memorandum on January 10, 2006) Pursuant to RCW 3.30.015 Construction of "justices of the peace," "justice courts," "justice of the peace courts." All references to justices of the peace in other titles of the Revised Code of Washington shall be construed as meaning district judges. All references to justice courts or justice of the peace courts in other titles of the Revised Code of Washington shall be construed as meaning district courts.

**19** Our state constitution sets forth the blueprint for the structure of our state government. Central to that structure is the sovereignty of the people of the state of Washington because "[a]ll political power is inherent in the people, and governments derive their just powers from the consent of the governed, and are established to protect and maintain individual rights." Const. art. I, § 1; see also Const. art. II, § 1; Paget v. Logan, 78 Wn.2d 349, 352, 474 P.2d 247 (1970).

**Added Dec 13, 14, 2006** "The language of the Supremacy Clause – which directs that "the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." And our cases confirm that state courts have the coordinate authority and consequent responsibility to enforce the supreme law of the land." Hewlett v. Rose 496 U.S. 356 (1990)

See also District of Columbia Court of Appeals v. Feldman 460 U.S. 462, 476 483-484m n. 16 (1983) all also presuppose that state courts presumptively have the obligation to apply federal law to a dispute before them and may not deny a federal right in the absence of a valid excuse. (written in Hewlett v.Rose supra)

See Currie, The Constitution and the "Transitory" Cause of Action. 73 Harv. L. Rev. 268, 302 (1959) "The supremacy clause...forecloses state social and economic policies just as the full faith and credit clause forecloses them when the subject is solely with the control of a sister state") ("Just as states are obliged to give effect to legal rights created by other states, so they are obliged, even without a Congressional directive, to give effect to legal rights created by federal law") Footnote 25 Hewlett v. Rose supra.

When fraud is used by lawyers and government officials in the judicial process, orders and judgment are void and jurisdiction is lost. Browning v. Navarro 826 F2d 335,342-45 (5ᵗʰ Circuit 1987) cites Hazel-Atlas Glass v. Hartford Empire Co. 322 U.S. 238 64 S.Ct. 997 (1944) In re Laing 945 F2d 354 (10ᵗʰ Cir. 1991) Fraud in the procurement of a judgment sufficient to warrant relief there from is properly identified with fraud upon the court.

**The antithesis of a fair and impartial trial is** prejudgment by a court. A tendency to prejudge, or a prejudgment of a particular controversy, or of a class or character of cases only sucks the administration of justice down the eddy of disrepute. Geer, as Manager of Safety and Excise of the City and County of Denver, v. Stathopulos, No 18131 Supreme Court of Colorado. (1957).

Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. *U.S. v. Will,* 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); *Cohens v. Virginia,* 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821)

The U.S. Supreme Court has stated that "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it.". *Cooper v. Aaron,* 358 U.S. 1, 78 S.Ct. 1401 (1958).

LINDA LOUISE FOGH  Memorandum of Law Notary Public State of Washington.  Page 1

Failure to hear one party's evidence when offered, establishes a presumption of prejudice. In the Matter of John DOE 11, childres, 86 NM 37, Court of Appeals of New Mexico (1974)

Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the Supreme Law of the Land. The judge is engaged in acts of treason.

If a judge does not fully comply with the Constitution, then his orders are void, In re Sawyer, 124 U.S. 200 (1888), he/she is without jurisdiction, and he/she has engaged in an act or acts of treason.

"The evidence introduced by defendant on this issue being uncontradicted, unimpeached, clear, and convincing, and not being met by any evidence of plaintiff to the contrary, the presumption cannot make a case for plaintiff on this theory. Bradley v. S.L. Savidge, Inc., 13 Wn. (2d) 28, 63, 123 P. (2d) 780 (1942); McGinn v. Kimmel, 36 Wn.(2d) 786, 789 et seq., 221 P. (2d) 467 (1950), and cases cited." NAWROCKI v. COLE, 41 Wn.(2d) 474, 477, 478 (November 13, 1952).

"...when the court can say there is no evidence at all to support the plaintiff's claim that the motion can be granted. Lambert v. Smith, supra [54 Wn.2d 348, 340 P.2d 774]; Williams v. Hofer, supra [30 Wn.2d 253, 191 P.2d 306]; Music v. United Ins. Co., 59 Wn.2d 765, 370 P.2d 603." MESSINA v. RHODES CO., 67 Wn.2d 19, 20 (September 30, 1965).

Where the presumption disappears from the case the defendant is entitled to a directed verdict, in the absence of countervailing evidence produced by the plaintiff. CALLEN v. COCA COLA BOTTLING., 50 Wn.(2d) 180, 182 (April 25, 1957).

Presumption is not evidence, Sullivan v. Associated Dealers, 4 Wn.(2d) 352, 103 P.(2d) 489. Presumption should never be placed in the scale of evidence. See Scarpelli v. Washington Water Power Co., 63 Wash. 18, 114 Pac. 870, and cases therein cited."

Presumption is overcome by proper evidence, and it cannot be further considered by the court or jury, or used by counsel in argument. See also Fiocco v. Carver, 234 N.Y. 219, 137 N.E. 309.

When a party moving presents affidavits which make out a prima facie case, the opposing party may not rely on mere allegations but must make an evidentiary showing of a factual issue. Winterroth v. Meats, Inc., 10 Wash. 7, 516 P.2d 522 (1973).

"Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, ..., and shall show affirmatively that the affiant is competent to testify to the matters stated therein." HENRY v. ST. REGIS PAPER CO., 55 Wn. (2d) 148, 151 [No. 34779. En. Banc. November 27, 1959.] See also CHASE v. DAILY RECORD, INC., 83 Wn.2d 37, 42, 515 P.2d 154 [No. 42664. En Banc October 25, 1973.]

"Indeed, no more than affidavits is necessary to make a prima facie case, U.S. v. Kis, 658 F. 2d 536 (CA7, 1981)cert. den., 50 U.S.L.W. 2169 (1982): however, 'a declaration may be used instead of an affidavit, Summers v. U.S. Dept. of Justice, 776 F. Supp. 575, 577 (D.C.D.C., 1991).

Silence is acquiescence. See: Connally v. General Construction Co., 269 U.S. 385,391. Notification of legal responsibility is "the first essential of due process of law". See also: U.S.v.Tweel, 550 F.2d.297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading."

"The evidence introduced by defendant on this issue being uncontradicted, unimpeached, clear, and convincing, and not being met by any evidence of plaintiff to the contrary, the presumption cannot make a case for plaintiff on this theory. Bradley v. S.L. Savidge, Inc., 13 Wn. (2d) 28, 63, 123 P. (2d) 780 (1942); McGinn v. Kimmel, 36 Wn.(2d) 786, 789 et seq., 221 P. (2d) 467 (1950), and cases cited." NAWROCKI v. COLE, 41 Wn.(2d) 474, 477, 478 (November 13, 1952).

LINDA LOUISE FOGH  Memorandum of Law Notary Public State of Washington. Page 1

"...when the court can say there is no evidence at all to support the plaintiff's claim that the motion can be granted. Lambert v. Smith, supra [54 Wn.2d 348, 340 P.2d 774]; Williams v. Hofer, supra [30 Wn.2d 253, 191 P.2d 306]; Music v. United Ins. Co., 59 Wn.2d 765, 370 P.2d 603." MESSINA v. RHODES CO., 67 Wn.2d 19, 20 (September 30, 1965).

When a party moving presents affidavits which make out a prima facie case, the opposing party may not rely on mere allegations but must make an evidentiary showing of a factual issue. Winterroth v. Meats, Inc., 10 Wash. 7, 516 P.2d 522 (1973).

"Once controverted by affidavit, the pleadings are, in themselves, inadequate to resist a motion by the defending party for summary judgment. Charbonneau v. Wilbur Ellis Co., 9 Wash. 474, 1512 P.2d 326 (1970).

"This has long been the prevailing view in the federal courts. Surking v. Charteris, 197 F. (2d) 77 (C.A. 5th); Whitaker v. Coleman, 115 F.(2d) 305 (C.C.A. 5th).

"To support a denial of summary judgment, an affidavit must meet the requirements of paragraph (e) of this rule." Bernal v. Am. Honda Motor Co., Inc., 87 Wn.2d 406, 553 P.2d 107 (1976).

In 1963 it was made part of the federal rule on summary judgment, Federal Rule of Civil Procedure 56(e), which provides:

". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate shall be entered against him."

"Summary judgment of dismissal may be granted upon an affidavit made in support of a motion to which no answer is made." Steinberg v. Raymond, 50 Wn.2d 502, 312 P.2d 824 (1957).

The summary judgment rule will best serve its purpose when we all, bench and bar alike, become aware that, as Judge Hutcheson has said:

" . . . Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a fair trial it is a liberal measure, liberally designed for arriving at the truth.

Pursuant to Judge (later Justice) Cardozo:
" . . . The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the later may subject a suitor to the burden of a trial. . . ." Richard v. Credit Suisse 91926), 242 N.Y. 346, 152 N.E. 110, 45 A.L.R. 104." PRESTON v. DUNCAN, 55 Wn. (2d) 678681, 682, 683, 684 (February 25, 1960).

"Summary judgment relief is granted when it appears from uncontroverted facts, as set forth in affidavits, depositions, or admissions on file or in the pleadings, that there is no genuine issue as to any material fact." Ex rel. Bond, 62 Wn.2d 487, 383 P.2d 288 (1963).

"Summary judgment should be granted when the pleadings, depositions, admissions, and affidavits considered by the trial court create no issue of material fact as between the parties." Perrin v. Donnellefeld, 74 Wn.2d 283, 444 P.2d 701 (1968).

CASE NOTE: "Federal tort law: judges cannot invoke judicial immunity for acts that violate litigants civil rights; Robert Craig Waters. Tort & Insurance Law Journal, Spr. 1986 21 n3, p509-516"

Comment – The Notary Act of 1850 stated in the Statutes at Large, spells out:

THIRTY-FIRST CONGRESS Sess.I Ch.52,53. 1850 (see above in full) [A]ny notary public duly appointed in any State or Territory, and, when certified under the hand and official seal of such notary, shall have the same force and effect as if taken or made by or before such justice or justices of the peace.the seal and signature of the notary shall not be deemed sufficient in themselves to establish the official character of such notary, but the same shall be shown by other and proper evidence. (Apostille) and other records that show proof of the claims made.

LINDA LOUISE FOGH  Memorandum of Law Notary Public State of Washington. Page 1