GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
**KRAVITZ, SCHNITZER & JOHNSON, CHTD.**
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Tele: (702) 362-6666
Fax: (702) 362-2203
Email: gschnitzer@ksjattorneys.com
*Attorney for Defendant*
*LexisNexis Risk Solutions Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ERVIN MIDDLETON, Plaintiff, vs. LEXISNEXIS RISK SOLUTIONS INC., Defendant. | **Case No. 2:17-cv-01911** **DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S MOTION TO DISMISS** |

Defendant LexisNexis Risk Solutions Inc. ("LNRS"), by and through undersigned counsel, hereby moves the Court for an Order:

1. Dismissing Plaintiff Ervin Middleton's Complaint [ECF No. 6-2] with prejudice in its entirety on the grounds that Plaintiff has failed to state a claim for relief; and

///

///

///

///

///

///

///

///

///

///

///



KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

2. Granting LNRS any other such relief as may be appropriate.

This Motion is made and based upon the following Memorandum of Points and Authorities, the Court filings and records in this action, such evidence and argument as may be presented through further briefing, and any such oral argument as entertained by the Court.

Dated this 19th day of July, 2017.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.

By: /s/ Gary E. Schnitzer
Gary E. Schnitzer
Nevada Bar No. 395
KRAVITZ, SCHNITZER & JOHNSON
8985 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
Email: gschnitzer@ksjattorneys.com

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Ervin Middleton ("Plaintiff") claims that Defendant LexisNexis Risk Solutions Inc. ("LNRS") violated its purported duties as a "furnisher" under section 1681s-2(a) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") by reporting "inaccurate information" to Experian and Equifax. But it is well-established that no private cause of action exists under 1681s-2(a) of the FCRA. Accordingly, Plaintiff's Complaint must be dismissed with prejudice.

## I. ALLEGED FACTUAL BACKGROUND

According to Plaintiff's Complaint, LNRS is a "furnisher of information" under the FCRA. [ECF 6-2, ¶ 8.][1] LNRS allegedly "posted inaccurate information on both Experian and Equifax once a month, for at least 48 months each." [ECF 6-2, ¶ 11.] The inaccurate information

[1] LNRS is not a "furnisher" under the FCRA, but LNRS' role is irrelevant for purposes of the present Motion.

supposedly included "negative items on his credit reports." [ECF 6-2, ¶ 1.] Plaintiff's single-count Complaint alleges that LNRS violated section "§ 1681s-2ii"[2] of the FCRA. [ECF 6-2, ¶ 10.]

## II. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citation and internal quotation marks omitted).

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570. "Moreover, although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief." *Pereos v. Nationstar Mortg., LLC*, No. 3:13-cv-00386, 2015 U.S. Dist. LEXIS 20192, at *5 (D. Nev. Feb. 18, 2015). Here, Plaintiff's Complaint fails to state a claim for which relief should be granted. The Complaint, therefore, should be dismissed with prejudice.

## III. ARGUMENT

"Section 1681s-2 establishes two categories of responsibilities for furnishers of information." *Pereos*, 2015 U.S. Dist. LEXIS 20192, at *8 (citation omitted). The first category establishes the obligations on a furnisher to provide accurate information. *See* 15 U.S.C. § 1681s-

[2] Section "1681s-2ii" of the FCRA does not exist. Based on Plaintiff's Complaint, LNRS assumes that Plaintiff is referring to 15 U.S.C. § 1681s-2(a)(1)(B)(ii). [*See* ECF 6-2, ¶ 10] ("Reporting information after notice and confirmation of errors").

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

2(a). For instance, as Plaintiff alleges, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if the information is, in fact, inaccurate." 15 U.S.C. § 1681s-2(a)(1)(B)(ii). The second category describes a furnisher's duties upon notice of a dispute from a consumer reporting agency pursuant to section 1681i(a)(2). *See* 15 U.S.C. § 1681s-2(b).

Plaintiff's claims here are based on a furnisher's duties under the first category, 15 U.S.C. § 1681s-2(a). [ECF 6-2, ¶¶ 10] ("Defendant violated the Fair Credit Reporting Act ('FCRA') 15 U.S. Code § 1681s-2ii"). However, "the FCRA precludes a private right of action for claims arising under § 1681s-2(a)." *Pereos*, 2015 U.S. Dist. LEXIS 20192, at *9. Rather, "[f]urnishers' duties under § 1681s-2(a) are enforceable only by federal or state agencies." *Id.*; *see also Marshall v. Gravitt*, No. 2:06-CV-0536, 2007 U.S. Dist. LEXIS 4947, at *18–19 (D. Nev. Jan. 18, 2007). "As the Ninth Circuit has explained, Congress limited enforcement of § 1681s-2(a) violations to these agencies because 'Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished.'" *Pereos*, 2015 U.S. Dist. LEXIS 20192, at *9–10 (quoting *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002)). "Because no private right of action exists to enforce the provisions of [§ 1681s-2(a)], any claim made by [Plaintiff] pursuant to section 1681s-2(a) is barred as a matter of law." *Mays v. Ocwen Loan Servicing, LLC*, No. 2:14-cv-01593, 2015 U.S.

///

///

///

///

///

///

///

///

///

///

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

Dist. LEXIS 78833, at *5 (D. Nev. June 15, 2015). Plaintiff's Complaint, which is solely based on his claim under section 1681s-2(a)(1)(B)(ii), must therefore be dismissed with prejudice.[3]

Dated this 19th day of July, 2017.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.

By: /s/ Gary E. Schnitzer
Gary E. Schnitzer
Nevada Bar No. 395
KRAVITZ, SCHNITZER & JOHNSON
8985 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
Email: gschnitzer@ksjattorneys.com

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

---

[3] Plaintiff's Complaint expressly alleges that LNRS violated the FCRA and seeks damages under that statute. [*See* ECF 6-2, ¶ 10, WHEREFORE clause.] However, to the extent that Plaintiff also seeks to bring a cause of action for "trespass on the case" that claim also necessarily fails. "Trespass on the case is simply a label for a negligence claim." *Tabb v. One W. Bank (Indymac)*, No. CV-10-855, 2010 U.S. Dist. LEXIS 140809, at *8 (D. Or. Nov. 1, 2010) (citing *Black's Law Dictionary*, p. 1503 (6th ed. 1990)). But Plaintiff's Complaint "does not allege any facts showing any duty on the part of any defendant toward plaintiff[], any breach of such a duty, or how any such breach caused plaintiff[] any harm." *Id.* at *9; *see also Carrington Mortg. Servs., LLC v. SFR Invs. Pool 1, LLC*, No. 2:15-CV-1377, 2017 U.S. Dist. LEXIS 18583, at *15 (D. Nev. Feb. 8, 2017) ("To prevail on a claim for negligence, a plaintiff must generally establish four elements: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages."). Because Plaintiff's Complaint contains no facts to support a claim of negligence, his Complaint must be dismissed.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of July 2017, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System. I further certify that on the 19th day of July 2017, I served the foregoing pleading via electronic mail and U.S. regular mail on:

Ervin Middleton
2375 E. Tropicana Ave. #358
Las Vegas, NV 89119

*Pro se Plaintiff*

/s/ Chris Drelich
Chris Drelich
An Employee of
KRAVITZ, SCHNITZER & JOHNSON, CHTD.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123