UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERVIN MIDDLETON,<br><br>Plaintiff(s),<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>Defendant(s). | Case No. 2:17-CV-1911 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant LexisNexis Risk Solutions Inc.'s ("LexisNexis") motion to dismiss. (ECF No. 8). Plaintiff Ervin Middleton filed a response (ECF No. 10). LexisNexis has not filed a reply, and the time to do so has since passed.

Also before the court is plaintiff's motion "that the court order defendant to provide proof of agency." (ECF No. 11). LexisNexis filed a response (ECF No. 16). Plaintiff has not replied, and the time for doing so has since passed.

Also before the court is plaintiff's motion for judgment on the pleadings. (ECF No. 14). LexisNexis filed a response (ECF No. 17), to which plaintiff replied (ECF No. 18).

Also before the court is plaintiff's motion to remand the case as to all defendants except Nexis Lexis Risk Solutions [sic]. (ECF No. 19). Defendants LexisNexis and American Express Company ("AmEx") filed responses (ECF Nos. 20, 21), to which plaintiff replied (ECF No. 28).

Also before the court is defendant AmEx's motion to dismiss plaintiff's first amended cause of action. (ECF No. 23). Plaintiff filed a response (ECF No. 29), to which AmEx replied (ECF No. 36).

Also before the court are five motions for entry of clerk's default filed by plaintiff. (ECF Nos. 30, 31, 32, 33, 34).

**James C. Mahan**
**U.S. District Judge**

Also before the court is defendants Capital One and Capital One Bank (USA), N.A.'s (collectively, "Capital One") motion to dismiss. (ECF No. 38). Plaintiff has not filed a response, and the time for doing so has since passed.

Also before the court are four motions for default judgment filed by plaintiff. (ECF Nos. 56, 57, 58, 59).

## I. Facts

In the instant dispute, plaintiff brings a Fair Credit Reporting Act claim against LexisNexis.[1] (ECF No. 6-2). Plaintiff alleges that defendant LexisNexis posted inaccurate information on both Experian and Equifax once a month, for at least 48 months each, for a total of 96 violations.[2] *Id.* Plaintiff's complaint cites 15 U.S.C. § 1681s-2ii as the applicable statute that defendant violated. *Id.*

Plaintiff filed the underlying complaint in state court on June 15, 2017, alleging one cause of action ("trespass on the case") against LexisNexis. (ECF No. 6-2). Plaintiff filed service of process as to LexisNexis, which its agent transmitted to LexisNexis on June 22, 2017. (ECF No. 6-2).

Prior to defendant LexisNexis' petition for removal, plaintiff filed an amended complaint that names LexisNexis, AmEx, and Capital One as defendants. (ECF No. 38-1) (declaration of Brandon Fernald, which contains the amended complaint). To date, plaintiff has not filed service of process of the first amended complaint as to any defendant. (ECF Nos. 12, 23, 38).

Defendant LexisNexis filed a petition for removal on July 13, 2017. (ECF No. 6).

## II. Legal Standard

*a. Remand to state court*

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

---

[1] Plaintiff's amended complaint, which he has not properly served on any parties to this action, also states claims for relief against the other parties that filed motions to dismiss in this case (AmEx and Capital One). *See* (ECF No. 38-2). For reasons discussed *supra*, the court considers the original complaint to be the operative complaint in this action.

[2] This vague reference appears to be plaintiff's only factual allegation in his complaint. Plaintiff's complaint and filings are sparse and difficult to follow.

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* Pursuant to 28 U.S.C. 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

    *b. Failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

   c. *Service of process*

Federal Rule of Civil Procedure 4 governs service of process. Fed. R. Civ. P. 4. Under Rule 4(h)(1)(A), a corporation may be served in accordance with the federal rules, the law of the state where the court is located, or the law of the state where service is made. *Safris v. Vnue, Inc.*, No. 3:17-cv-00309-HDM-WGC, 2017 WL 3816006, at *2 (D. Nev. Aug. 31, 2017). Further, under subsection (h)(1)(B), service on a corporate entity may be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant." *Id.* at *3.

Under Nevada Rule of Civil Procedure 4, a plaintiff is required to deliver via personal service a copy of the summons and complaint.[3] Nev. R. Civ. P. 4(d). The rule provides the following in relation to personal service upon a foreign corporation or non-resident entity,

> If the suit is against an unregistered foreign entity or association that has an officer, general partner, member, manager, trustee or director within this state, to such

---

[3] Here, the court discusses the Nevada Rules of Civil Procedure in addition to the Federal Rules of Civil Procedure because defendants AmEx and Capital One's arguments in support of their motions to dismiss are that they were not properly served via either the state or federal rules of civil procedure.

officer, general partner, member, manager, trustee or director or, if none, then service on such unregistered entity or association may be made by delivery to the secretary of state or the deputy secretary of state, in the manner and after affidavit as provided in subsection (d)(1) of this rule or otherwise as provided by law.

*Id.*

The burden of establishing proper service of process rests on the plaintiff. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If service of process has been insufficient, the court may either quash the service or dismiss the action. Fed. R. Civ. P. 12(b)(5); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

### III. Discussion

As an initial matter, the court acknowledges that plaintiff represents himself *pro se* and his filings are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). "Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

    *a. Remand to state court*

Defendant LexisNexis filed a petition for removal on July 13, 2017. (ECF No. 6). Plaintiff filed the instant motion to remand on September 22, 2017, over two months after defendant LexisNexis removed the case to federal court. (ECF No. 19). As plaintiff's motion to remand is untimely, the court will deny the motion.[4] *See* 28 U.S.C. 1447(c).

    *b. Failure to state a claim*

Defendant LexisNexis argues that plaintiff's complaint should be dismissed for failure to state a claim because 15 U.S.C. § 1681s-2(a) does not create a private right of action. (ECF No. 8).

---

[4] In addition to being untimely, the motion to remand does not cite any applicable case law or even make an argument for why the case should be remanded. *See* (ECF No. 19).

The court notes that because plaintiff has not served the amended complaint upon defendant, the original complaint controls.[5] *See Smith v. Toreh*, no. 2:10-cv-00732-LDG-PAL, 2011 U.S. Dist. LEXIS 25969, at *5 (D. Nev. Feb. 28, 2011) ("[A]n original complaint is only superseded by an amended complaint that is properly served, and simply filing the amended complaint is not sufficient to supersede the original.").

"[T]he FCRA precludes a private right of action for claims arising under § 1681s-2(a)." *Pereos v. Nationstar Mortg., LLC*, no. 3:13-cv-00386-MMD-VPC, 2015 U.S. Dist. LEXIS 20192 (D. Nev. Feb. 18, 2015) (citing 15 U.S.C. § 1681s-2(c) ("Except [for circumstances not relevant here], sections 1681n and 1681o of this title do not apply to any violation of . . . subsection (a) of this section, including any regulations issued thereunder."); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002)). Furnishers' duties pursuant to § 1681s-2(a) are enforceable by federal or state agencies only. *See* 15 U.S.C. § 1681s-2(d); *Gorman*, 584 F.3d at 1154. Congress limited enforcement of § 1681s-2(a) violations to these agencies because "Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished." *Nelson*, 282 F.3d at 1060.

Here, plaintiff is attempting to enforce a furnisher's duty pursuant to § 1681s-2(a). *See* (ECF No. 6-2). As there is no private right of action available to plaintiff, the court will dismiss plaintiff's cause of action against LexisNexis for failure to state a claim on which relief can be granted.

    *c. Service of process*

Defendants AmEx and Capital One filed motions to dismiss based on improper service of process. (ECF Nos. 23, 38). As defendants note, to date plaintiff has not filed with this court or with the state court proof that process was properly served on either defendant. Accordingly, the

---

[5] As defendant's also note, even if the amended complaint is applicable, the court's analysis as to whether the complaint fails to state a claim against LexiNexiswould not change, as the allegations against LexisNexis in the amended complaint are identical to those in the original complaint. *Compare* (ECF No. 6-2 at 5–8) (copy of original complaint), *with* (ECF No. 38-1 at 7) (copy of amended complaint).

court will dismiss plaintiff's claims against defendants AmEx and Capital One.[6] *See S.J.*, 470 F.3d at 1293.

   *d. Summary*

As the court holds that plaintiff's claim against LexisNexis fails to state a claim upon which relief can be granted, the court will dismiss plaintiff's claim against LexisNexis with prejudice. Plaintiff has not demonstrated proper proof of service of process as to any other defendant. Therefore, the court will dismiss plaintiff's complaint without prejudice. All other outstanding motions in this case are moot.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 19) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that LexisNexis's motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that AmEx's motion to dismiss (ECF No. 23) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Capital One's motion to dismiss (ECF No. 38) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's motion "that the court order defendant to provide proof of agency" (ECF No. 11) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for judgment on the pleadings (ECF No. 14) be, and the same hereby is, DENIED.

---

[6] The court will not address defendants' additional arguments regarding plaintiff's motions for default filed in state court. *See* (ECF No. 23 at 5); (ECF No. 38 at 6–7). Defendants request for court action in this regard is unclear. Defendants seemingly request that this court quash plaintiff's efforts to default defendants in state court, but the case law cited in support discusses a federal court's ability to quash service of process. *See* (ECF No. 38 at 7) (citing *S.J.*, 470 F.3d at 1293). However, plaintiff, who represents himself *pro se*, is advised that failure to "follow normal litigation processes, which include forma service of summons and other required documents on appropriate agents for service of process," (ECF Nos. 23, 38) will result in dismissal of plaintiff's claims with prejudice.

James C. Mahan
U.S. District Judge

|   |   |
|---|---|
| 1 | IT IS FURTHER ORDERED that plaintiff's first motion for entry of clerk's default (ECF |
| 2 | No. 30) be, and the same hereby is, DENIED. |
| 3 | IT IS FURTHER ORDERED that plaintiff's second motion for entry of clerk's default |
| 4 | (ECF No. 31) be, and the same hereby is, DENIED. |
| 5 | IT IS FURTHER ORDERED that plaintiff's third motion for entry of clerk's default (ECF |
| 6 | No. 32) be, and the same hereby is, DENIED. |
| 7 | IT IS FURTHER ORDERED that plaintiff's fourth motion for entry of clerk's default (ECF |
| 8 | No. 33) be, and the same hereby is, DENIED. |
| 9 | IT IS FURTHER ORDERED that plaintiff's fifth motion for entry of clerk's default (ECF |
| 10 | No. 34) be, and the same hereby is, DENIED. |
| 11 | IT IS FURTHER ORDERED that plaintiff's first motion for default judgment (ECF No. |
| 12 | 56) be, and the same hereby is, DENIED. |
| 13 | IT IS FURTHER ORDERED that plaintiff's second motion for default judgment (ECF No. |
| 14 | 57) be, and the same hereby is, DENIED. |
| 15 | IT IS FURTHER ORDERED that plaintiff's third motion for default judgment (ECF No. |
| 16 | 58) be, and the same hereby is, DENIED. |
| 17 | IT IS FURTHER ORDERED that plaintiff's fourth motion for default judgment (ECF No. |
| 18 | 59) be, and the same hereby is, DENIED. |
| 19 | IT IS FURTHER ORDERED that plaintiff's claim against LexisNexis be, and the same |
| 20 | hereby is, DISMISSED WITH PREJUDICE. |
| 21 | IT IS FURTHER ORDERED that plaintiff's claim against AmEx be, and the same hereby |
| 22 | is, DISMISSED WITHOUT PREJUDICE. |
| 23 | IT IS FURTHER ORDERED that plaintiff's claim against Capital One be, and the same |
| 24 | hereby is, DISMISSED WITHOUT PREJUDICE. |
| 25 | The clerk shall enter judgment accordingly and close the case. |
| 26 | DATED January 30, 2018. |
| 27 | |
| 28 | _____<br>UNITED STATES DISTRICT JUDGE |

**James C. Mahan**
**U.S. District Judge**